IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | 1:20CR281-2 |
| | : | |
| TRAVIS MICHAEL EVANS | : | |

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

MOTION TO REOPEN UNDER 18 U.S.C. § 3142

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

NOW COMES the Defendant, Travis Michael Evans, by and through his duly appointed attorney, John D. Bryson, who, pursuant to 18 U.S.C. § 3142(f) moves the Court to reopen Defendant's detention hearing to consider information that was not known to Defendant at the time of his original hearing, which has a material bearing on the issue of whether there are conditions of release that will reasonably assure Defendant's appearance and the safety of the community. In support of this motion, Defendant hereby alleges and says the following:

1. Defendant was arrested on July 31, 2020, pursuant to his indictment in the above-captioned matter on one count of conspiracy to intentionally distribute five kilograms or more of a mixture or substance containing a detectible amount of cocaine hydrochloride and to distribute 100 kilograms or more of a mixture or substance containing a detectible amount of marijuana, in violation of 21 U.S.C. § 812, 841(a)(1), and one count of conspiracy to conduct financial transactions affecting interstate commerce to conceal the proceeds of a conspiracy to contribute cocaine and marijuana, and to structure financial transactions to avoid the transaction reporting requirement under federal law, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h).

2. Defendant appeared for a detention hearing on August 3, 2020, before the Honorable L. Patrick Auld, Magistrate Judge Presiding.

3. At the conclusion of the detention hearing, the Court found Defendant should be detained. However, the Court specifically advised counsel for Defendant that if conditions change, the Court would entertain a motion to reopen Defendant's detention hearing.

4. The pretrial services report received by the Court for the August 3 detention hearing recommended Defendant's release into the custody of his girlfriend, Sabrina Michelle Cuesta Oquendo. The government objected to Ms. Cuesta Oquendo acting as a third-party custodian based on allegations that she may have been involved in the one of the alleged offenses. Defendant proposed an alternative third-party custodian, Abraham Tama, Jr., but the government objected based on similar reasons.

5. Defendant has now located a family member who he proposes as a third-party custodian, who lives in Linden, Virginia. Defendant's aunt, Sarah Evans, had been screened by pretrial services and deemed to be a suitable third-party custodian.

6. Additionally, Defendant has been able to obtain additional information which may alleviate some of the concerns that the Court expressed regarding its assessment of Defendant's prior criminal history and a July 2020 occurrence in New Hanover County.

THIRD PARTY CUSTODIAN

7. Counsel for Defendant has contacted Sarah Evans, date of birth 12/14/1987, who resides at 457 High Knob Road, Linden, VA 22630. Ms. Evans is Defendant's aunt. Linden, VA, is located near Alexandria. Ms. Evans has no criminal record and resides in Linden, VA, with her 13-year-old daughter. She currently runs an auto mechanic shop, which she inherited from her father when he passed away. Ms. Evans was informed of the requirements of a third-party

custodian and is agreeable to act in such role. Ms. Evans advises that not only could she provide a place for Travis Evans to reside with her pending the resolution of this case, but she would also be able to provide him employment at her mechanic shop. Defendant has disclosed Ms. Evans to the pretrial services office for screening. He has been informed by pretrial services officer Joe Maciejewski that "she appears to be a suitable third-party custodian."

## PRIOR CRIMINAL HISTORY

8. While the pretrial services report showed that Defendant had no felony convictions and only a few misdemeanor marijuana and paraphernalia convictions, the Court construed aspects of his criminal history in an unfavorable light. Defendant has obtained additional information which may allow the Court to reflect differently on some of the inferences which it originally drew from Defendant's criminal history.

9. On page 4 of the pretrial services report, it shows an arrest for an offense in Pitt County on February 19, 2020, resulting in a conviction the same day. Defendant believes the Court construed this as relatively recent offense Defendant committed subsequent to being on pretrial release in Sampson County for offenses that are reflected on page 3 of the pretrial services report. In fact, the arrest date shown on the pretrial services report simply reflects the date that the case was resolved, apparently by the filing of misdemeanor statement of charges. The actual offense date for the Pitt County cases is April 26, 2018; and therefore precedes the Sampson County cases. (See Attachment No. 1). Accordingly, while the Pitt County conviction appears to be a recent arrest and conviction, the actual date of offense date occurred in April 2018.

3

NEW HANOVER COUNTY

10. During the testimonial portion of the detention hearing, the Court heard evidence of law enforcement locating a quantity of marijuana at Defendant's residence in July 2020 in New Hanover County. Defendant has obtained the search warrant from the incident and has attached it to this motion to reopen. (See Attachment No. 2). The search warrant reflects that the person being investigated which resulted in the issuance of the search warrant was Chandler David Anderson. An examination of the search warrant reveals that Defendant's name is not mentioned. Defendant was not present at the residence at the time the search warrant was executed. Chandler Anderson was arrested and charged with multiple criminal offenses. Mr. Anderson currently faces charges of two counts of possession with intent to sell and deliver marijuana, two counts of sale and delivery of marijuana, two counts of felony possession of marijuana, one count of maintaining a dwelling for the purposes of storing controlled substances, possession of marijuana paraphernalia, and sale or delivery a controlled substance within 1,000 feet of a school. All these matters are now pending in New Hanover County District Court. (See Attachment No. 3). Defendant was not charged with any criminal offense arising out of the issuance and execution of the search warrant.

## CONCLUSION

Defendant submits that there is information that was not known to Defendant at the time of his initial detention hearing that has a material bearing on the issue of whether there are conditions of release that would reasonably assure his appearance and the safety of the community. Specifically, Defendant contends that he has located an appropriate third-party custodian to assume custody of Defendant. Additionally, Defendant has been able to track down other information which would allow the Court to reflect on the information it received at his

initial detention hearing in evaluating and drawing inferences of his prior criminal activity. Accordingly, Defendant requests the Court reconsider his detention and allow him to be released to Sarah Evans as his third-party custodian.

Respectfully submitted, this the 14th day of August 2020.

/s/ John D. Bryson
John D. Bryson
Attorney for Defendant
1912 Eastchester Drive, Suite 400
High Point, NC 27261
Telephone: (336) 819-6016
Facsimile: (336) 819-6076
Email: jbryson@wehwlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Sandra Hairston
    Assistant United States Attorney
    sandra.hairston@usdoj.gov

Submitted, this the 14th day of August 2020.

                /s/ John D. Bryson
                John D. Bryson
                Attorney for Defendant
                1912 Eastchester Drive, Suite 400
                High Point, NC  27261
                Telephone: (336) 819-6016
                Facsimile: (336) 819-6076
                Email:  jbryson@wehwlaw.com