IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA | : | 1:20CR281-2 |
| --- | --- | --- |
| v. | : | |
| TRAVIS MICHAEL EVANS | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, TRAVIS MICHAEL EVANS, in his own person and through his attorney, J. Hart Miles, Jr., and state as follows:

1. The defendant, TRAVIS MICHAEL EVANS, is presently under Indictment in case number 1:20CR281-2, which charges him in object one of Count One with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), conspiracy to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride; which in object two of Count One charges him with a violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), conspiracy to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marihuana; which charges him in object one of Count Two with a violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1956(h), conceal or disguise the nature, location, source, ownership, or control of the proceeds of

unlawful activity, that is, conspiracy to distribute cocaine hydrochloride and marihuana; and which charges him in object two of Count Two with a violation of Title 18, United States Code, Sections 1956(a)(1)(B)(ii) and 1956(h), avoid a transaction reporting requirement under Federal law.

2. The defendant, TRAVIS MICHAEL EVANS, will enter a voluntary plea of guilty to object one of Count One and object one of Count Two of the Indictment herein. The nature of these charges and the elements of these charges, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

    a. The defendant, TRAVIS MICHAEL EVANS, understands that as to object one of Count One of the Indictment herein, he shall be sentenced to a term of imprisonment of not less than ten years, nor more than life, a fine not to exceed $10,000,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, TRAVIS MICHAEL EVANS, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least five years in addition to such term of imprisonment.

b. The defendant, TRAVIS MICHAEL EVANS, understands that the maximum term of imprisonment provided by law for object one of Count Two of the Indictment is not more than twenty years, and the maximum fine for the object one of Count Two of the Indictment is $500,000, or twice the value of the property involved in the transaction, whichever is greater, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, TRAVIS MICHAEL EVANS, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

c. The defendant, TRAVIS MICHAEL EVANS, also understands that, as to object one of Count Two of the Indictment, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

d. The defendant, TRAVIS MICHAEL EVANS, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory

3

minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

    e. The defendant, TRAVIS MICHAEL EVANS, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, TRAVIS MICHAEL EVANS, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, TRAVIS MICHAEL EVANS, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

    3. By voluntarily pleading guilty to object one of Count One and object one of Count Two of the Indictment herein, the defendant, TRAVIS

4

MICHAEL EVANS, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, TRAVIS MICHAEL EVANS, is going to plead guilty to object one of Count One and object one of Count Two of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, TRAVIS MICHAEL EVANS, to object one of Count One and object one of Count Two of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States will not oppose a motion to dismiss object two of Count One and object two of Count Two of the Indictment as to the defendant, TRAVIS MICHAEL EVANS. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

b. It is understood that if the Court determines at the time of sentencing that the defendant, TRAVIS MICHAEL EVANS, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing

5

Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

    c.    The defendant, TRAVIS MICHAEL EVANS, agrees that the substances involved in the offense alleged in object one of Count One of the Indictment herein for which he is accountable is 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride.

    d.    The defendant, TRAVIS MICHAEL EVANS, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, TRAVIS MICHAEL EVANS, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

    e.    The defendant, TRAVIS MICHAEL EVANS, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority

of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

  f. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, TRAVIS MICHAEL EVANS, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, TRAVIS MICHAEL EVANS, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.



h. It is further agreed that the defendant, TRAVIS MICHAEL EVANS, entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a motion filed pursuant to Title 28, United States Code, Section 2255. The only exceptions are that the defendant, TRAVIS MICHAEL EVANS, may collaterally attack his conviction and sentence if: (1) the court enters a sentence above the statutory maximum; (2) the court enters a sentence based on an unconstitutional factor, such as race, religion, national origin, or gender; (3) the claim is based on ineffective assistance of counsel; or (4) the claim is based on prosecutorial misconduct not known to the defendant at the time of his guilty plea.

6. With regard to forfeiture, the United States and the defendant, TRAVIS MICHAEL EVANS, agree as follows:

a. The defendant, TRAVIS MICHAEL EVANS, knowingly and voluntarily consents and agrees to forfeit to the United States, (1) pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly as a result of the offense charged in object one of Count One, and any property used, or intended to be

8

used, in any manner or part, to commit, or to facilitate the commission of, such violation; and (2) pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense charged in object one of Count Two. The defendant specifically consents to the entry of a forfeiture money judgment against him in the amount of $50,000.00, and acknowledges that this sum constitutes the amount of proceeds subject to forfeiture based on each of the offenses to which he is pleading guilty.

   b. If any of the property described above, as a result of any act or omission of the defendant: (1) cannot be located upon the exercise of due diligence; (2) has been transferred or sold to, or deposited with, a third party; (3) has been placed beyond the jurisdiction of the court; (4) has been substantially diminished in value; or (5) has been commingled with other property which cannot be divided without difficulty, then the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c).

   c. The defendant agrees to identify all assets over which he exercises or exercised control, directly or indirectly, within the past six years, or in which he has or had during that time any financial interest.

   d. The defendant agrees to take all steps as requested by the government to pass clear title of any assets subject to forfeiture to the United

9

States, including but not limited to surrender of title and execution of documents necessary to transfer his interests in such property. The defendant further agrees to take necessary steps to insure that assets which may be subject to forfeiture, including substitute assets, are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, and to testify truthfully in any judicial forfeiture proceeding.

    e.    The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted

    f.    The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any

claim or defense under the Eighth Amendment to the United States Constitution.

        g.    The defendant knowingly and voluntarily agrees and understands the abandonment, civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

        h.    The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the forfeiture, including any money judgment amount, is collected in full.

        7.    The defendant, TRAVIS MICHAEL EVANS, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments

11

Case 1:20-cr-00281-CCE   Document 70   Filed 11/25/20   Page 11 of 13

shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. The defendant, TRAVIS MICHAEL EVANS, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

9. It is further understood that the United States and the defendant, TRAVIS MICHAEL EVANS, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

10. The defendant, TRAVIS MICHAEL EVANS, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

11. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set

12

forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the ___ day of _____, 2020.

MATTHEW G.T. MARTIN
United States Attorney

_____
J. HART MILES, JR.
Attorney for Defendant

_____
SANDRA J. HAIRSTON
NCSB #14118
First Assistant
United States Attorney
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401
336/333-5351

_____
TRAVIS MICHAEL EVANS
Defendant

/S/ CTB

13